UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, FOR THE USE OF PONTCHARTRAIN PARTNERS, LLC** | * | CIVIL NO: |
| **vs.** | * | SECTION: |
| **CITI APPROVED ENTERPRISES, LLC** | * | |

**********************************************************************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, United States of America, for the use of Pontchartrain Partners, LLC ("Company" or "PPLLC"), who brings this Complaint against defendant, Citi Approved Enterprise, LLC ("Citi"), and alleges and avers as follows:

I.

Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1352, and 40 U.S.C. § 3133, *et seq*.

II.

Venue is proper in the Western District of Louisiana, where services were rendered for the contract sued upon.

III.

United States of America is the nominal plaintiff in this action, which is brought for the use of the other plaintiff, PPLLC, against Defendant, Citi.

IV.

Plaintiff, PPLLC, is a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana.

V.

Defendant, Citi, is a Louisiana limited liability company with its principal place of business located in the Parish of Jefferson, Louisiana.

VI.

Citi entered into a contract with the United States Army Corps of Engineers, Contract # W912P8-18-C-0052 (the "Prime Contract"), on or about September 28, 2018, to perform work on Bayou Boeuf, South Chamber Guidewall Replacement (the "Project"). As a condition of the Prime

Contract, Citi was required to obtain a payment bond for the protection of the United States and all parties supplying labor and material for the work in the contract.

VII.

Citi was listed as the principal on this payment bond, a copy of which is attached as **Exhibit A**.

VIII.

On or about December 6, 2018, PPLLC entered into a subcontract ("Subcontract") with Citi to perform services and supply labor and materials in relation to the Prime Contract, a copy of which is attached as **Exhibit B**.

## COUNT 1: Breach of Contract

IX.

During PPLLC's performance under the Subcontract, Citi breached the contract on multiple occasions.

X.

PPLLC's assigned scope of work (the "Work") was specifically defined in Section VII(A) of the Subcontract. Despite the language in the Subcontract, Citi refused to allow PPLLC to supervise and direct the assigned Work, as required per Section VII(B) of the Subcontract.

XI.

On multiple occasions, Citi interfered with, permitted others to interfere with, stopped, hindered or delayed PPLLC from completing its Work, in violation of Section VII(B) of the Subcontract.

XII.

On multiple occasions, Citi failed to comply with PPLLC's request for information and further failed to grant PPLLC additional contract time for these delays, all in violation of Section VII(H) of the Subcontract.

XIII.

On multiple occasions, Citi failed to pay PPLLC its monthly progress payment installments, all in violation of Section XXV(A) of the Subcontract.

XIV.

On multiple occasions, Citi failed to conduct its duties under the Subcontract with courtesy and respect, in violation of Section XXXIV(A) of the Subcontract.

XV.

On multiple occasions, Citi failed to inform PPLLC of information related to the Prime Contract as that information became available, in violation of Section XXXIV(B) of the Subcontract.

XVI.

On multiple occasions, Citi prevented PPLLC from attending conferences called by representatives of the Owner of the project, in violation of Section XXXV of the Subcontract.

XVII.

On multiple occasions, PPLLC requested a list of payments made by Citi; payments due to Citi under the Prime Contract between Citi and the United States Army Corps of Engineers; and other documentation which would tend to show what amounts were due to PPLLC.  However, those requests were denied, in violation of Section XLIX(F) of the Subcontract.

XVIII.

On multiple occasions, Citi failed to notify PPLLC of conditions known to Citi, and which conditions which were not apparent to PPLLC, and caused PPLLC significant increased costs and delays – all in violation of Section XXIII(D) of the Subcontract.

XIX

**COUNT 2: Delay Damages and Changes to the Contract**

During PPLLC's performance on the Project, PPLLC was delayed multiple times by Citi and/or the United States Army Corps of Engineers by requiring PPLLC to perform and/or suspend work although such guidance was not in accordance with the Prime Contract specifications.  Citi was timely notified of these delays.  PPLLC calculates that these delays resulted in a minimum of 218 days of compensable delays and resulted in costs to PPLLC in the amount of at least $527,000.00, plus costs for quantity discounts, forfeiture of deposits, restocking charges, cancelation charges, waste of time and materials, and other additional delivery charges associated with these changes.

**COUNT 3: Failure to Pay Progress Payments**

XX.

During PPLLC's performance on the Project, the Company submitted valid pay applications totaling $700,010.38.  Of this amount, the Company only received $478,194.44,

3

resulting in a balance due of $221,815.94.  PPLLC is therefore due this amount plus applicable interest.

### COUNT 4: Termination without Cause

XXI.

On or about February 14, 2020, Citi unjustifiably terminated the Subcontract.  This termination resulted in damages due to PPLLC in the amount of approximately $4,000,000, in addition to other damages PPLLC suffered while performing services on the Project.

### JURY TRIAL DEMAND

PPLLC hereby requests a trial by jury on the claims set forth in the Complaint.

**WHEREFORE**, Plaintiff, Pontchartrain Partners, LLC, prays that a judgment be entered in favor of Company and finding that: Citi breached its Subcontract with PPLLC; Citi is responsible for delay damages and changes to the Subcontract; Citi failed to pay progress payments to PPLLC; Citi terminated the Subcontract without cause; and that Citi is responsible for attorneys' fees, and all other monetary, equitable and legal relief PPLLC may be entitled to in this matter.

Respectfully Submitted,

BY: s/ Jason R. Anders
JASON R. ANDERS
ANDERS LAW FIRM, LLC
La. Bar Roll No. 26171
650 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (504) 407-2552
E-mail:  jason@anderslawfirm.com

JAMES R. WASHINGTON, III
La. Bar Roll No.  32792
Email: jwashington@attorneyjameswashington.com
650 Poydras Street, Suite 1400
New Orleans, LA  70130
Telephone: (504) 264-1826

KRISTYN HARRIS
La. Bar Roll No.  37155
E-mail: kristyn.harris@pontchpartners.com
739 S. Clark Street
New Orleans, LA  70119
Telephone: (504) 872-3199

Attorneys for Plaintiff, Pontchartrain Partners, LLC